**Maria C. JORDAN; Geoffrey Jordan, H/W, Appellant,**

v.

**Feather O. HOUSTOUN; Charles G. Currie; George Kopchick; Aidan Altenor; Robert Direso; Donald Adams; Richard Sokolowski; William Stephens; Roger Stults; Bernadine West; Sandra Mitchell; Jack Davis; Mary Anne Lawler; Angela Alexander; Pat Conway; Paul J. Evanko, Commissioner; Thomas Courey, Lieutenant Colonel, Deputy Commissioner; Robert G. Wertz, Major; Thomas J. Lacrosse, Captain; Robert B. Titler, Captain; James Gillison, Captain; David B. Kresier, Lieutenant; Barry Sparks, Lieutenant; Robert D. Queen, Lieutenant; Gregory W. Mitchell, Sergeant; David Frisk, Corporal; Martin M. Carbonell, Trooper; Ace Detective Agency, Inc.; Dominic Farinella; Michael Soltys.**

James Lloyd Kepner, Individually, and as the Administrator for the Estate of Carol Sue Kepner, Appellant,

v.

Feather O. Houstoun; Charles G. Curie; George Kopchick; Aidan Altenor, Ph. D.; William Stephens; Roger Stults; Donald Adams; Richard Sokolowski; Bernadine West; Sandra Mitchell; Jack Davis; Robert Direso; Mary Anne Lawler; Angela Alexander; Pat Conway; Paul J. Evanko, Commissioner; Thomas Courey, Lt. Col., Deputy Commissioner; Robert G. Wertz, Major; Thomas J. Lacrosse, Captain; Robert B. Titler, Captain; James Gillison, Captain; David Kresier, Lieutenant; Gregory W. Mitchell, Sergeant; James L. Murphy, Corporal; David Frisk, Corporal; Martin M. Carbonell, Trooper; Robert Queen, Lieutenant; Barry Sparks, Lieutenant.

Nos. 01–3825, 01–3955.

United States Court of Appeals, Third Circuit.

Submitted July 23, 2002.

Decided July 31, 2002.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellants, Maria Jordan, Geoffrey Jordan, and James Lloyd Kepner appeal from an order of the District Court which dismissed their complaint. Appellants allege as error the issues listed in paragraph I, taken verbatim from their briefs. Because we conclude that the District Court did not err, we will affirm.

I.

The allegations of error asserted by appellants, Maria and Geoffrey Jordan, filed at No. 01–3825 are as follows:

1. Whether Plaintiffs' Complaint has sufficiently plead a § 1983 under the state created danger doctrine where the harm ultimately caused to Plaintiff, Maria Jordan was foreseeable and fairly direct, the Norristown State Hospital Employees acted in willful disregard for the safety of Plaintiff, Maria Jordan, there existed a relationship between the Norristown State Hospital Employees and Plaintiff, Maria Jordan, and the Norristown State Hospital Employees used their authority to create an opportunity that otherwise would not have existed for the third party's crime to occur.

2. Whether Plaintiffs' complaint has sufficiently plead a § 1983 under the state created danger doctrine where the harm ultimately caused to Plaintiff, Maria Jordan was foreseeable and fairly direct, the Pennsylvania State Police Employees acted in willful disregard for the safety of Plaintiff, Maria Jordan, there existed a relationship between the Pennsylvania State Police Employees and Plaintiff, Maria Jordan, and the Pennsylvania State Police Employees used their authority to create an opportunity that otherwise would not have existed for the third party's crime to occur.

The allegations of error asserted by appellant, James Lloyd Kepner, filed at No. 01–3955 are as follows:

1. Whether the factual allegations contained in the Kepners' federal civil action Complaint and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Kepners, support a state-created danger theory of liability under 42 U.S.C. § 1983 against the "Norristown State Hospital Employee Defendants"?

2. Whether the factual allegations contained in the Kepners' federal civil action Complaint and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Kepners, support a state-created danger theory of liability under 42 U.S.C. § 1983 against the "Pennsylvania State Police Employee Defendants"?

3. Whether the factual allegations contained in the Kepners' federal civil action Complaint and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Kepners, support a claim of unconstitutional policy, practice, or custom and claims of inadequate supervision/training.

4. Whether the factual allegations contained in the Kepners' federal civil action Complaint and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Kepners, defeat the Affirmative Defense of Qualified Immunity?

## II.

We are faced in this appeal with another case in which plaintiffs have tried to transmute their state-law claims into constitutional torts. We offer no view as to the merit of their claims. Nonetheless, we will, as did the District Court, reject their arguments that their constitutional rights were violated in some way by the Appellees. The facts and procedural history of this case are well known to the parties and the court, and it is not necessary that we restate them here. The reasons why we write an opinion of the court are threefold: to instruct the District Court, to educate and inform the attorney and parties, and to explain our decision. None of these reasons are presented here. We use a not-precedential opinion in cases such as this, in which a precedential opinion is rendered unnecessary because the opinion has no institutional or precedential value. *See* United States Court of Appeals for the Third Circuit, Internal Operating Procedure (I.O.P.) 5.3. Under the usual circumstances, when we affirm by not-precedential opinion and judgment, we briefly set forth the reasons supporting the court's decision. In this case, however, we have concluded that neither a full memorandum explanation nor a precedential opinion is indicated because of the very extensive and thorough opinion filed by Judge Bartle of the District Court. Judge Bartle's opinion adequately explains and fully supports his order and refutes the appellants' allegations of error. Hence, we believe it wholly unnecessary to further opine, or offer additional explanations and reasons to those given by the District Court, as to why we will affirm. It is a sufficient explanation to say that, essentially for the reasons given by the District Court in its opinion dated the 26th day of September, 2001, we will affirm.

## III.

In sum, for the foregoing reasons, we will affirm the order of the District Court dated September 26, 2001.